UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>P. PLATA, et al.,<br><br>　　　　　Defendants. | No. 1:22-cv-1353 JLT GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED CONSISTENT WITH 28 U.S.C. § 1915(g)<br><br>(ECF No. 23)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **MAY 28, 2024**<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A SCHEDULING ORDER<br><br>(ECF No. 28) |

　　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　For the reasons stated below, Plaintiff will be ordered to show cause why his in forma pauperis status (see ECF No. 23) (order granting same) should not be revoked consistent with 28 U.S.C. § 1915(g) and he be required to pay the filing fee in full prior to proceeding any further with this action.  In addition, Plaintiff's motion that a scheduling order issue (see ECF No. 28) will be denied as premature.

1

I.  IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right.").  An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court.  Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)).  The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials.  Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

II.  THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted).  "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a

1  claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a
2  district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is
3  frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint
4  is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of
5  the prisoner's application to file the action without prepayment of the full filing fee." O'Neal v.
6  Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original). Dismissal also counts
7  as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it
8  fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an
9  amended complaint" regardless of whether the case was dismissed with or without prejudice.
10 Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

11 An inmate who has accrued three strikes is precluded from proceeding in forma pauperis
12 unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy
13 the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent
14 danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493
15 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the
16 complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also
17 Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d
18 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v.
19 O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL
20 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception
21 turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or
22 later time.").

23 The danger faced by a prisoner at the time of filing must be imminent or ongoing. See,
24 e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger
25 and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger
26 of serious physical injury must be a real and present threat, not merely speculative or
27 hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO
28 GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger

exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

### III. PLAINTIFF'S THREE STRIKES STATUS

The Court takes judicial notice[1] of the fact that in Buchanan v. Chavez, 4:99-cv-03991 CW (N.D. Cal. Nov. 3, 1999) ("Chavez"), Plaintiff was identified as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). In the order which stated as much, the Chavez Court wrote in relevant part: "ORDER . . . denying affidavit motion for leave to proceed in forma pauperis . . . . dismissing case with prejudice pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g); court certifies that any appeal is not taken in good faith . . . ."[2] Chavez, ECF No. 2 (capitalization in original).

Since then, Plaintiff has had another fully adjudicated matter dismissed by this Court for failure to state a claim. See Buchanan v. Williams, No. 1:06-01532 LJO DLB (E.D. Cal. Oct. 24, 2008) (dismissing matter for failure to state claim). In addition, Plaintiff concedes in the complaint that he is a three-strikes litigant within the meaning of Section 1915(g). See ECF No. 8 at 5-6 (Plaintiff stating he has filed three or more complaints that have been dismissed as frivolous, malicious, or for failure to state claim).

### IV. DISCUSSION

#### A. Instant Matter Brought After Three Strikes Accrued

Given that as early as 1999, Plaintiff has been identified as a three strikes litigant based on previously adjudicated matters, and that the instant matter was filed in 2022, which is well after Plaintiff's three strikes had accrued, Plaintiff may not proceed further in this action unless in the

---

[1] It is well-established that a court may take judicial notice of its own records. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); see United States v. Author Servs., Inc., 804 F.2d 1520, 1523 (9th Cir. 1986) overruled on other grounds, United States v. Jose, 131 F.3d 1325, 1328-29 (9th Cir. 1997); see also Fed. R. Evid. 201 (stating court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot be reasonably questioned).

[2] The November 3, 1999, order in Chavez has no electronic link to it on CM/ECF, the Court's docketing system. As a result, this Court is unable to determine which cases that the Chavez Court identified as "strikes" within the meaning of Section 1915(g).

instant complaint he has alleged and made an adequate showing that at the time he filed it he was in imminent danger of serious physical harm.  See generally 28 U.S.C. § 1915(g) (serious physical harm requirement).

### B. No Imminent Danger Alleged in Instant Case

"A prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three strikes exception." Andrews v. Cervantes, 493 F.3d 1047, 1057 (9th Cir. 2007) (citations omitted).  At the same time, however, "assertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful, when they are supported by implausible or untrue allegations that the ongoing practice has produced past harm. Id. at 1057 n.11.  Imminent danger requires an allegation that a harm is "ready to take place", or "hanging threateningly over one's head", Cervantes, supra; Smith v Hampton, 2023US Dist Lexis 203082, and cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.  Smith, supra.

A review of the complaint indicates that in it, Plaintiff does sufficiently allege that he was in imminent danger of serious physical harm at the time that he filed it.  See ECF No. 8 at 5-6.  He describes the imminent danger as:

> [My] being threatened and forced to continue walking when . . . [I] need to stop momentarily and [/] or to sit down on [my] walker[].  By being forced to keep walking without a brief rest cause[s] [sic] [my] present injuries to worsen.  Furthermore, [I] . . . have been denied medical treatment, as the officers and medical staff state that CSATF is not a 'real' medical facility.

ECF No. 8 at 5-6 (brackets added) (errors in original).

These allegations, and others he asserts in the instant complaint, do not meet the standard of being in imminent danger of serious physical injury at the time he filed it, or thereafter.  Here, even if Defendants were prodding, harassing and threatening  Plaintiff with the filing of RVRs ostensibly to get him to move faster while he was moving under his own power from one location to another at the prison, and whether done before he filed the complaint or will allegedly be

5

1 continuing thereafter (read: that this was a serious, ongoing situation that put Plaintiff's health at
2 risk), Plaintiff provides insufficient factual support for a finding that this caused him to be in
3 imminent danger of serious physical harm. Moreover, Plaintiff's claim that the Defendants'
4 continual ridicule and harassment of him done for the purpose to prod him to keep moving, along
5 with a threat that he would receive RVRs and progressive discipline if he didn't, is insufficient
6 under the imminent danger standard because the harm is not imminent. As well, Plaintiff's claim
7 that by being ordered to keep moving rather than being allowed to stop and rest has caused him to
8 further injure himself, caused mental and physical duress, is likewise insufficient because it is
9 based on generalized assertions of past injury, not future imminent injury. And his claim that this
10 conduct will result in his health continuing to worsen if he is forced to continue to walk without
11 rest is also insufficient as it is based upon no more than a generalized fear of future harm.

12 Finally, Plaintiff's assertion that he has been denied medical treatment at CSATF
13 because it does not have a "real" medical facility and that this has put him in imminent danger, is
14 incredibly vague and unsupported. As such, the Court does not consider this argument. See
15 Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003) (stating courts deny leave to proceed in
16 forma pauperis when prisoner's claims of imminent danger are conclusory or ridiculous).

17 For these reasons, Plaintiff has failed to make a plausible argument that at the time he
18 filed the complaint, he was in imminent danger of serious physical harm. The threat of being
19 written up in a RVR and with progressive discipline for failing to continue to move without rest,
20 and allegedly being injured as a result, are at best speculative and conjectural and thus insufficient
21 to support an argument of ongoing exposure to imminent danger of serious physical harm.

22 Therefore, it appears Plaintiff must pay the filing fees in full prior to proceeding any
23 further with this action. However, prior to being ordered to do so, Plaintiff will first be given the
24 opportunity to show cause why his in forma pauperis status should *not* be revoked. He will be
25 given thirty days to do so.

26     V.    <u>MOTION FOR SCHEDULING ORDER</u>

27 Plaintiff has also filed a motion asking the Court to issue a scheduling order for this case.
28 ECF No. 28. In support of the request, Plaintiff states that Defendant Plata told him that he has

1 | been served with the summons and complaint in this case, but that he has not received any orders
2 | from the Court.  Id. at 1.

Plaintiff's motion must be denied for a couple of reasons.  First, the motion is premature as the complaint has yet to be screened.  As a result, viable Defendants have not been identified and the complaint has not been served.  The information that Plaintiff received from Defendant Plata is incorrect.  Second, this matter cannot be screened until the issue of whether Plaintiff's in forma pauperis status will stand or if he must first pay the filing fee in full is resolved.  Therefore, the motion will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1.  Plaintiff is ordered to SHOW CAUSE why his in forma pauperis status (ECF No. 23) should not be REVOKED;

2.  Within thirty days from the date of this order – **by May 28, 2024**, – Plaintiff shall file his showing of cause, and

3.  Plaintiff's motion for a scheduling order (ECF No. 28) is DENIED as premature.

**Plaintiff is cautioned that failure to comply with this order within the time allotted may result in a recommendation that this matter be dismissed for failure to obey a court order.**

IT IS SO ORDERED.

Dated:   **April 27, 2024**                             **/s/ Gary S. Austin**
                                                          UNITED STATES MAGISTRATE JUDGE

7