UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WHITTIER BUCHANAN,[1]<br><br>         Plaintiff,<br><br>   v.<br><br>P. PLATA, et al.,<br><br>         Defendants. | No. 1:22-cv-01353 JLT GSA (PC)<br><br>ORDER FINDING PLAINTIFF'S SHOWING OF CAUSE SUFFICIENT TO CONTINUE TO ENABLE HIM TO PROCEED WITH IN FORMA PAUPERIS STATUS<br><br>(ECF Nos. 29, 30) |

Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Per a court order issued April 29, 2024 (ECF No. 29), Plaintiff has filed a showing of cause why his in forma pauperis status should not be revoked (ECF No. 30) given that he is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). For the reasons stated below, the Court finds that Plaintiff's showing is sufficient to permit him to continue to proceed with in forma pauperis status in this action.

---

[1] The Court notes that in the complaint, Plaintiff lists another inmate as a plaintiff in this action. See ECF No. 8 at 2. Plaintiff is informed that as someone who is appearing in propria persona, he is unable to represent anyone other than himself in this case. Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962). Therefore, all mention of the additional individual and the facts related to him, will not be considered in this order. If the other individual wishes to pursue claims in this Court against Defendants, he must file his own complaint.

1

I. RELEVANT PROCEDURAL HISTORY

On April 29, 2024, after reviewing Plaintiff's complaint, he was ordered to show cause why his in forma pauperis status should not be revoked consistent with 28 U.S.C. § 1915(g). ECF No. 29. In support of the order the Court took judicial notice of the fact that: (1) in November 1999, Plaintiff had been identified as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g); (2) since that 1999 finding, and prior to Plaintiff filing this case, Plaintiff had had yet another fully adjudicated matter dismissed for failure to state a claim, and (3) in Plaintiff's complaint, he concedes that he is a three strikes litigant within the meaning of Section 1915(g).[2] Id. at 4.

On May 10, 2024, Plaintiff's showing of cause was docketed. ECF No. 30. The Court considers it herein.

II. IN FORMA PAUPERIS STATUS

"[In forma pauperis] status is not a constitutional right." Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965) ("To proceed in forma pauperis is a privilege not a right."). An inmate's in forma pauperis status may be revoked *at any time* if the court, either sua sponte or on a motion, determines that the status was improvidently granted. Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted) (italics added); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same). The grant or refusal of permission to proceed in forma pauperis is left to the sound discretion of the district court. Smart, 347 F.2d 114, 116 (9th Cir. 1963) (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)). The latitude given a district court in such matters is especially broad in civil actions by prisoners against their wardens and other officials. Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).

---

[2] Plaintiff states as much in the complaint he filed. In it, he writes, "Although [I have] filed Section 1983 actions on three or more occasions that were dismissed as frivolous, malicious, or for failure to state a claim, [I am] compelled to file this action as [I am] under imminent danger of serious physical injury." See ECF No. 8 at 5-6 (brackets added).

III. <u>THREE STRIKES RULE:  28 U.S.C. § 1915(g)</u>

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action *and the reasons underlying it*." <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (emphasis added) (citation omitted). "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added). "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee." <u>O'Neal v. Price</u>, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint" regardless of whether the case was dismissed with or without prejudice. <u>Harris v. Mangum</u>, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. <u>Andrews v.

Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

## IV.   PLAINTIFF'S PRIOR STRIKES

The Court takes judicial notice of the fact that in November 1999, in Buchanan v. Chavez, 4:99-cv-03991 CW (N.D. Cal. Nov. 3, 1999) ("Chavez"), Plaintiff's motion to proceed in forma pauperis was denied, and his case was dismissed with prejudice "pursuant to the 'three strikes' provision of 28 U.S.C. [§] 1915(g)." Chavez, ECF No. 2 (brackets added). At that time, the Chavez Court also certified that any appeal taken by Plaintiff would not be done in good faith. Id. Since then, Plaintiff has incurred another strike in Buchanan v. Williams, 1:06-cv-01532 LJO DLB (E.D. Cal. Oct. 24, 2008) ("Williams") (dismissed for failure to state a claim). See generally Williams, ECF Nos. 25, 27, 28 (findings and recommendation, judgment, order, respectively). In the complaint, Plaintiff also concedes that he is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). ECF No. 8 at 5-6.

Given these clearly established facts, there is no question that Plaintiff is a three strikes litigant within the meaning of 28 U.S.C. § 1915(g). Consequently, the Court need only consider whether Plaintiff stated a viable claim of imminent danger of serious physical harm when he brought the instant matter to the Court. See 28 U.S.C. § 1915(g).

## V. PLAINTIFF'S SHOWING OF CAUSE

In the order to show cause, the Court considered the statements Plaintiff had made in his complaint related to being in imminent danger at the time he filed the complaint. See ECF No. 29 at 5-6. After doing so it found that the facts Plaintiff had provided in support of the assertion were not plausible and were insufficient. See id. at 6.

In Plaintiff's showing of cause he argues that he made a sufficient showing that he was in imminent danger of serious physical harm in the complaint. See generally ECF No. 30. Specifically, he states that in the complaint he alleged that on May 17, 2022, and on July 17, 2022, Defendant Plata caused him to be under imminent danger of serious physical harm when he shouted orders at him which, if followed, "serious physical injury to his person [was] 'ready to take place' and [was] 'hanging threateningly over [his] head'." Id. at 2 (brackets added) (quotation marks in original). These assertions, he argues, are sufficient to establish that he was in imminent danger of serious physical harm. Id.

In further support of his imminent danger claim, Plaintiff states that the prison where he was housed when he filed the complaint, California Substance Abuse Treatment Facility ("CSATF"), did not provide him with the medical care that he needed. ECF No. 30 at 3. As a result, a prison official attempted to send him to Stockton Health Care, but that attempt was unsuccessful. Id. Eventually, Plaintiff claims, he was returned to CSATF but is now at the R.J. Donovan Facility, neither of which is able to provide him with the treatment that he needs. Id.

Finally, Plaintiff argues that his new status of "DPW," which means that he must have and use a wheelchair and must travel in a special van that has a lift in it, further supports his imminent danger of serious physical harm assertion. ECF No. 30 at 3. Currently, he states, he can only walk a short distance with his walker and he is in extreme pain while doing so. Id. He further states that he has been denied adequate medical care for more than two years and he argues that

5

he should not be made to pay the filing fees.  ECF No. 30 at 4.

## VI.  DISCUSSION

### A.  Applicable Law

"A prisoner who alleges that prison officials continue with a practice that has injured him or others similarly situated in the past will satisfy the 'ongoing danger' standard and meet the imminence prong of the three strikes exception."  Andrews, 493 F.3d at 1056-57 (citations omitted).  When reviewing a prisoner's assertion of imminent danger, a court need not determine whether a prisoner's allegations are serious enough.  Ciarpaglini v. Saini, 352 F.3d 328, 331 (7th Cir. 2003); Hall v. United States, 44 F.4th 218, 232 (4th Cir. 2022) (citing Ciarpaglini); Stephen v. Montejo, No. 1:18-cv-01796 KJM DB P, 2020 WL 3120004, at *2 (E.D. Cal. June 12, 2020) (citing Andrews, 493 F.3d at 1055 and Ciarpaglini).  The imminent danger exception applies if, at the time of filing, the complaint makes a plausible allegation that the prisoner was in imminent danger of serious physical injury.  Andrews, 493 F.3d at 1055.

### B.  Analysis

#### 1.  Assertions In Complaint

In light of Plaintiff's showing of cause, and the Court's resulting reconsideration of the allegations in Plaintiff's complaint, whether Plaintiff sufficiently alleged that he was in imminent danger of serious physical harm when he brought this action is a very close determination for the Court to make.  The claims in the complaint allege that Defendants violated his First Amendment right to be free from retaliation and his Fourteenth Amendment right to protection under the Americans with Disabilities Act ("ADA") when they threatened to write him up for walking too slowly and when he was repeatedly forced to walk continuously without brief, but necessary rest breaks.  ECF No. 8 at 2-7.  Plaintiff states that the rest breaks were needed because he had previous back surgery which resulted in him being prescribed a walker with a seat so that he could sit down when his back pain became unbearable.  Id. at 3.  He claims that constantly being told to "keep moving" "will cause [him] further mental anguish."  Id. at 4 (brackets added).  He further asserts that Defendants' actions have caused him to further injure himself because they force him to continue to walk when he is in pain and needs to sit momentarily.  Id. at 5.  Plaintiff

also argues that if Defendants' actions continue, his health will continue to worsen.[3]  Id. at 5-6.

### 2. Assertions In Showing of Cause

In Plaintiff's showing of cause, first, he claims that in his complaint, he stated that on May 17, 2022, and on July 17, 2022, Defendant Plata placed him under imminent danger of serious physical injury when he shouted orders to Plaintiff, which, if followed, "serious physical injury to his person [would be] ready to take place, and that [this was] 'hanging threateningly over [his] head'." ECF No. 30 at 2 (brackets added) (internal quotation marks in original).  Plaintiff further argues that because these incidents occurred at the time he filed the complaint, he has met the imminent danger exception.  Id.

A second review of the complaint confirms the Court's initial finding that Plaintiff made no direct imminent danger of serious physical harm claims in the complaint with respect to those two dates.  See generally ECF No. 8 at 2-4 (Plaintiff referencing 5/17/22 and 7/17/22 dates). Instead, in the complaint, Plaintiff simply takes issue with the fact that on those dates, Defendant Plata threatened to write him up for moving too slowly, and he opines that this "will prolong[ ] his mental anguish" and extend his time in prison because write ups are an indication that an inmate is not trying to rehabilitate.  See id. at 2-4 (brackets added).  Pages later, Plaintiff throws in his imminent danger argument, in what almost appears to be an afterthought.  When he does, he writes that he is under imminent danger of serious physical injury because he is being threatened and forced to continue walking, despite the fact that he needs to rest on his walker periodically.  Id. at 5-6.  This, he asserts, causes his present injuries to worsen.  Id. at 6.

### 3. Court's Determination In Light of Other Cases

Despite the general non-specific nature of Plaintiff's statements in the complaint,

---

[3] To the extent that Plaintiff includes in the complaint a discussion about the fact that he is not receiving proper medical care because CSATF is not a "real" medical facility or that he "does not receive enough or proper incontinent [sic] supplies" (see ECF No. 8 at 6) (brackets added), these do not bear upon the issue of imminent danger.  See generally ECF No. 8 at 7 (Plaintiff's stated causes of action).   They are not linked to any imminent danger assertions.  See id.  The same can be said about his assertion in the showing of cause that he now has "DPW status."  See ECF No. 30 at 3.  Additionally, because there must be a link between the claims raised and the imminent danger assertion, the Court does not consider these arguments.  See, Ray v. Lara 2022 US App Lexis 9615

construing it liberally,[4] it could be argued that Plaintiff's assertion that Defendants' continued practice of requiring Plaintiff to walk faster and to do so without rest at the time he filed the complaint, and in light of the allegation that he was an ADA inmate who had prior back surgery and who was experiencing mobility issues related to it, placed Plaintiff in imminent danger of serious physical harm.  A prisoner who alleges that prison officials continue with a practice that has injured him will satisfy the "ongoing danger" requirement and meet the imminent danger prong of the three strikes exception.  See generally Andrews, 493 F.3d at 1056-57; see, e.g., Ciarpaglini, 352 F.3d at 330-31 (finding prisoner's assertions met imminent danger requirement when prison's decision to stop providing medications caused number of physical ailments); McAlphin v. Toney, 281 F.3d 709, 710 (8th Cir. 2002) (finding allegations about prison's failure to provide tooth extraction sufficient to meet imminent danger requirement when delay previously allowed infection to spread in inmate's mouth).

In sum, the Ninth Circuit has stated that an overly detailed inquiry into whether Plaintiff's allegations qualify for the imminent danger exception should not be done.  See Andrews, 493 F.3d at 1055; see generally Ciarpaglini, 352 F.3d at 331.  Instead, the exception applies if the complaint makes a plausible allegation that a prisoner faced imminent danger of serious physical injury at the time of filing.  Andrews, 493 F.3d at 1055; Williams v. Paramo, 775 F.3d 1182, 1187 n.8 (9th Cir. 2015) (citation omitted) (stating Plaintiff was required to demonstrate imminent danger only at time complaint was filed).

Therefore, this being a close call on the issue, the Court finds that Plaintiff has made a sufficient and plausible threshold showing that when he filed his complaint he was in imminent danger of serious physical harm and he will be permitted to continue to proceed in this case with his in forma pauperis status.

---

[4]  See Hughes v. Rowe, 449 U.S. 5, 9 (1980) (stating pro se plaintiff's pleading held to less stringent standards than those drafted by lawyers); Estelle v. Gamble, 429 U.S. 97, 106 (1976) (stating pro se documents are to be liberally construed); Haines v. Kerner, 404 U.S. 519, 520 (1972) (stating pro se pleadings are held to less stringent standard than those drafted by lawyers); see also Draper v. Coombs, 792 F.2d 915, 924 (9th Cir. 1986) (providing "great leniency" when evaluating pro se plaintiff's compliance with technical rules of civil procedure); Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall FORMALLY IDENTIFY Plaintiff as a three strikes litigant within the meaning of 28 U.S.C. § 1915(g) in the Court's docketing system, and

2. Plaintiff's SHOWING OF CAUSE (ECF No. 30) is SUFFICIENT to permit him to continue to proceed with in forma pauperis status, despite his three strikes litigant status.

**The Court will screen Plaintiff's complaint in due course.**

IT IS SO ORDERED.

Dated: __**June 6, 2024**__                       __/s/ Gary S. Austin__
                                                                              UNITED STATES MAGISTRATE JUDGE